**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Spartan Light Metal Products Medical and Prescription Drug Group Insurance Plan** | : | Case No.:  2:16-cv-01031 |
| | : | Judge: |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| Joseph M. O'Connor | : | |
| | : | |
| and | : | |
| | : | |
| Ashley O'Connor | : | |
| | : | |
| and | : | |
| | : | |
| The A. W. Smith Law Firm, P.C. | : | |
| | : | |
| and | : | |
| | : | |
| A. W. Smith | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND FOR
PRELIMINARY INJUNCTIVE RELIEF, AND ACCOMPANIED BY A MOTION
FOR TEMPORARY RESTRAINING ORDER**

Now comes Plaintiff Spartan Light Metal Products Medical and Prescription Drug Group Insurance Plan (the "Health Plan") and states as its Complaint against Defendants as follows:

**NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE**

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001, *et seq.*

2. Plaintiff Health Plan, at all times relevant hereto, is a self-funded employee welfare benefit plan governed by ERISA.

3. The Health Plan is an entity which may sue and be sued under 29 U.S.C. §1132(d)(1).

4. Defendant Joseph M. O'Connor (Defendant "O'Connor"), at all times relevant hereto, is a Plan Participant of the Health Plan, and whereby both the Health Plan and O'Connor agreed to be bound by the terms and conditions set forth in the Health Plan's "Summary Plan Description." (The pertinent provisions of the Summary Plan Description are attached hereto as Exhibit A.)

5. Defendant Ashley O'Connor, upon information and belief, is the spouse of O'Connor, and is listed as a joint payee on certain settlement funds discussed more fully below.

6. Defendant The A. W. Smith Law Firm, P.C., at all times relevant hereto, upon information and belief, is a professional corporation organized and existing under the laws of the state of Missouri, having a principal place of business in Columbia, Missouri.

7. Defendant A. W. Smith, at all times relevant hereto, upon information and belief, is a shareholder/member of The A. W. Smith Law Firm, P.C., and is licensed and practices law under the laws of the state of Missouri.

8. Defendants The A. W. Smith Law Firm, P.C. and A. W. Smith are collectively referred to herein as the "Smith Defendants."

9. This is an action for the imposition of a constructive trust and/or equitable lien over specifically identifiable funds in the possession and/or control of one or more Defendants.

10. Plaintiff Health Plan also seeks a temporary restraining order, and preliminary injunctive relief, restraining Defendants from disbursing, commingling, or otherwise dissipating certain settlement funds currently in their possession.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, being a federal question, arising under ERISA.

12. As to Defendant O'Connor, personal jurisdiction and venue are proper in this judicial district pursuant to the nationwide jurisdiction granted by ERISA, 29 U.S.C. §1132(e)(2). Specifically, the administration of the Health Plan's claims and the administration and performance of the Health Plan's subrogation interest are performed in this judicial district.

13. As to the Smith Defendants, jurisdiction and venue are proper in this judicial district pursuant to the nationwide jurisdiction granted by ERISA, 29 U.S.C. §1132(e), and as set forth in Paragraph 11 above.

14. In addition, venue is proper in this judicial district with respect to the Smith Defendants under 28 U.S.C. § 1391(b)(2), such that a substantial part of the events or omissions giving rise to Plaintiff Health Plan's claim occurred in this judicial district. Specifically, the Smith Defendants are required to make certain subrogation payments to the Health Plan at the Health Plan's attorney's office in Columbus, Ohio.

**BACKGROUND FACTS**

15. Plaintiff Health Plan incorporates all previous Paragraphs as if fully restated herein.

16. At all times relevant hereto, Defendant O'Connor is an employee of Spartan Light Metal Products, Inc. ("Spartan"), the Plan Sponsor of Plaintiff Health Plan.

17. By virtue of his employment at Spartan, O'Connor elected to become a Plan Participant in the Health Plan, and thus received health benefits under the Health Plan.

18. By participating in the Health Plan and by receiving benefits under the Health Plan, Defendant O'Connor agreed to the terms and conditions of the Health Plan. (See Ex. A).

19. Under the terms and conditions of the Health Plan, if Defendant O'Connor may have a right to receive compensation from another person (whether from a tortfeasor, the tortfeasor's insurance carrier, or O'Connor's own insurance carrier) arising from an injury for which the Health Plan paid medical benefits, the Health Plan has a right of subrogation over said recovery, to the full extent of the benefits paid or payable by the Health Plan on behalf of O'Connor, up to the amount recovered by O'Connor and/or the Smith Defendants.

20. Under the terms and conditions of the Health Plan, Plaintiff has a first priority equitable lien on any full or partial recovery received by O'Connor or the Smith Defendants.

21. Under the terms and conditions of the Health Plan, Plaintiff's right of recovery applies regardless of whether or not O'Connor has been made whole for his injuries.

22. Under the terms and conditions of the Health Plan, Plaintiff's right of recovery will not be reduced or prorated by or on account of O'Connor's attorney fees and costs.

23. On or about July 18, 2016, Defendant O'Connor was injured in an automobile accident, thereby requiring medical treatment.

24. It was later determined that O'Connor's injuries were caused by two separate at-fault drivers.

25. On behalf of O'Connor, the Health Plan paid, or will pay, medical expenses in excess of $370,000, and which medical expenses will continue to increase subject to further treatment by O'Connor and/or the submission of additional medical claims to the Health Plan.

26. At some point subsequent to the accident, O'Connor retained the Smith Defendants to pursue a recovery against the tortfeasors.

27. Shortly after learning of the accident, Plaintiff Health Plan, by and through its undersigned counsel, placed all necessary parties, including the Smith Defendants, on notice of the Health Plan's subrogation lien.

28. On or around October 11, 2016, the Smith Defendants sent a written correspondence to Plaintiff's counsel, refusing to acknowledge Plaintiff's right of subrogation under federal ERISA law.

29. Plaintiff's counsel responded the next day, on October 12, 2016, providing the Smith Defendants with copies of the pertinent plan documents. Plaintiff's counsel also provided the Smith Defendants with the legal authority and opinions supporting Plaintiff's position on subrogation.

30. Plaintiff's counsel telephoned the Smith Defendants on the same day, in an attempt to discuss the matter and amicably come to a resolution, while also attempting to secure Defendants' cooperation with the terms of the Health Plan.

31. Upon inquiry during that telephone call, the Smith Defendants advised that they did not know the liability policy limits. The Smith Defendants further advised that they had not yet settled the liability claim, that they did not have the file in front of them, and that it was their expectation that the tortfeasors carried the state minimum liability coverage.

32. Later that same day, Plaintiff's counsel learned from the liability carrier's adjuster that the liability policy limits were remitted to the Smith Defendants, in satisfaction of O'Connor's claims against the at-fault parties, on October 3, 2016.

33. Still on that same day (October 12), by way of e-mail, Plaintiff's counsel queried of the Smith Defendants as to why they neglected to advise of their receiving the settlement proceeds, despite being asked this direct question by Plaintiff's counsel.

34. The Smith Defendants responded by e-mail, suggesting that they are a "high volume personal injury practice," such that they could not possibly remember every settlement they obtained or received.

35. By way of several subsequent e-mail exchanges that afternoon, the Smith Defendants again refused to cooperate and/or to acknowledge Plaintiff's right of subrogation.

36. Several days later, on October 19, 2016, Plaintiff's counsel learned from the liability carrier that two liability claims were indeed paid to the Smith Defendants, on October 3, 2016, totaling $150,000 in the aggregate.

37. Plaintiff's counsel continued his discussions with the Smith Defendants, and advised that Plaintiff would file this action if Defendants did not cooperate with Plaintiff and protect its subrogation rights.

38. Plaintiff's counsel requested from the Smith Defendants an agreement to hold any recovered monies in trust, pending resolution of the subrogation claim, and for the Smith Defendants to further agree to honor and protect Plaintiff's subrogation claim.

39. On October 24, 2016, the Smith Defendants confirmed that they had received payment of $150,000 from the liability carrier for O'Connor's personal injury claim.

40. The Smith Defendants further confirmed that O'Connor did not carry any underinsured motorist's coverage.

41. The Parties continued with some limited settlement negotiations, in which the Smith Defendants conveyed a settlement offer to Plaintiff.

42. On October 25, 2016, Plaintiff's counsel advised the Smith Defendants that Plaintiff needed approval from the stop loss carrier before Plaintiff could continue those settlement discussions, as Spartan has submitted a claim under its stop loss policy in relation to the medical expenses it paid for O'Connor.

43. On October 25, 2016, Plaintiff's counsel requested, in the meantime, that the Smith Defendants hold any and all settlement monies (including the entire $150,000) in their trust account, pending a resolution of the subrogation claim and a consent to disbursement.

44. Plaintiff's counsel followed up on October 26 by way of an e-mail and a telephone call.

45. The Smith Defendants have not responded to Plaintiff's request.

46. Upon information and belief, the Smith Defendants currently possess $150,000 of settlement funds in their trust account, and over which Plaintiff Health Plan possesses a first priority equitable lien.

47. Plaintiff therefore brings this action to enforce the terms of the Health Plan and to protect and preserve its assets.

## CAUSES OF ACTION

### Count I:  Constructive Trust and/or Equitable Lien, As To All Defendants

48. Plaintiff Health Plan incorporates all previous Paragraphs as if fully restated herein.

49. Under 29 U.S.C. §1132(a)(3), Plaintiff seeks equitable relief against Defendants to enforce ERISA and the written terms of the Health Plan.

50. Any monies that have been or will be recovered by Defendant O'Connor and/or the Smith Defendants, whether by settlement or litigation, up to the amount paid or to be paid by the Health Plan, rightfully belong to the Health Plan in equity.

51. Any monies in possession of any other person (including but not limited to any insurance carriers or attorneys, and including the Smith Defendants), that are or may be payable to Defendants, whether by settlement or litigation, up to the amount paid or to be paid by the Health Plan, rightfully belong to the Health Plan in equity.

52. Upon information and belief, Defendant O'Connor or the Smith Defendants are in actual or constructive possession of $150,000 of settlement funds and are therefore in possession of specifically identifiable funds that as a matter of equity and good conscience belong to Plaintiff Health Plan.

53. The Health Plan has no adequate remedy at law, in light of *Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plan*, 136 S. Ct. 651, 662 (2016).

54. Under *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356 (2006) and its progeny, the Health Plan is entitled to the imposition of a constructive trust or equitable lien upon any and all identifiable funds that are now or may in the future be in the possession of, or payable to, Defendant O'Connor and/or the Smith Defendants.

55. The funds upon which the Health Plan seeks a constructive trust and equitable lien constitute a specifically identifiable fund. Specifically, upon information and belief, the Smith Defendants currently have in their possession a specifically identifiable fund of $150,000.

56. The imposition of a constructive trust constitutes appropriate equitable relief under 29 U.S.C. §1132(a).

**Count II: Declaratory Judgment that Plaintiff's Equitable Lien is Valid, As To All Defendants**

57. Plaintiff Health Plan incorporates all previous Paragraphs as if fully restated herein.

58. Defendant O'Connor and the Smith Defendants have refused to cooperate with the Health Plan, and have refused to acknowledge or protect the Health Plan's subrogation interest, as is required of them under the terms of the Health Plan and under ERISA law.

59. Under the terms and conditions of the Health Plan, and under federal ERISA law, the Health Plan possesses an equitable subrogation lien on a specific identifiable fund of monies recovered or to be recovered by Defendant O'Connor and/or the Smith Defendants, to the extent of the total medical benefits paid or to be paid by the Health Plan.

60. The Health Plan requests a declaratory judgment under 28 U.S.C. §2201, declaring that its equitable subrogation lien on any recovery by Defendant O'Connor and/or the Smith Defendants, is valid and enforceable, and first in priority.

**WHEREFORE**, Plaintiff Spartan Light Metal Products Medical and Prescription Drug Group Insurance Plan demands as follows:

(i) That this Court impose a constructive trust on any and all specifically identifiable funds currently in possession of any of the Defendants to this action (including the above referenced $150,000 settlement funds), or in the possession of any other person, that are or may be payable (or have been paid) to any of the Defendants, by settlement or litigation, up to the amount paid or to be paid by the Health Plan for medical expenses relating to the subject automobile accident;

(ii) A declaratory judgment declaring that the Health Plan's equitable subrogation lien on any recovery is valid and enforceable, and further preempts any and all state laws to the contrary;

(iii) Attorney fees and punitive damages, where applicable and as permitted by the applicable law; and

(iv) Any other equitable or legal relief that is proper, appropriate, and necessary.

Respectfully submitted,

**LUPER NEIDENTHAL & LOGAN**
**A Legal Professional Association**

/s/ Matthew Anderson
_____
Matthew T. Anderson (Ohio Bar 0087230)
50 W. Broad Street, Suite 1200
Columbus, OH  43215
Phone (614) 221-7663
Fax (866) 345-4948
Email:  manderson@lnlattorneys.com
*Attorney for Plaintiff Health Plan*